UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TERRELL TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-CV-299-JAR |
| | ) |
| PAUL BOYD and ROBERT ZACHARY HORACK, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Terrell Taylor, a federal pretrial detainee being held in the Dunklin County Detention Center, for leave to commence this action without payment of the required filing fee.[1]  The Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will waive the initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(1).  Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

---

[1] On September 21, 2017, plaintiff Terrell Taylor was indicted on federal charges of felon in possession of a firearm, possession with intent to distribute marijuana, and possession of a firearm in furtherance of a drug trafficking crime. *See USA v. Taylor*, Case No. 1:17-CR-90-RLW, ECF Nos. 1-2. On February 19, 2019, during the pendency of this civil action, plaintiff was sentenced in his criminal case to 87 months imprisonment. *Id.* at ECF No. 89.

*Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this 42 U.S.C. § 1983 action against defendants Paul Boyd, Prosecutor for Scott County, Missouri, and Robert Zachary Horack, Assistant Prosecutor for Scott County, Missouri. Plaintiff has not indicated in his complaint whether he is bringing this action against defendants in their individual or official capacities.

Plaintiff alleges defendant Boyd "abused his discretion and authority as a prosecutor" by pursuing charges against plaintiff for "deliver/attempt to deliver/possession/deposit/conceal gun/knife/weapon/other at correctional facility, city/county jail or private prison/jail." Defendant Horack represented the Scott County Prosecutor's Office at plaintiff's hearings.

For damages, plaintiff seeks to have his state conviction vacated, $100 in nominal damages, $1.5 million in compensatory damages, $500,000 in punitive damages, another $500,000 for "state law claims," and all other necessary and appropriate equitable and monetary relief.

## Discussion

Plaintiff's complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity

claims." *Egerdahl v. Hibbing Cmty. College*, 72 F.3d 615, 619 (8th Cir.1995); *see also Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Plaintiff's complaint does not contain any allegations that a policy or custom of a municipality was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Additionally, the defendant prosecutors are absolutely immune from civil rights actions. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). All plaintiff's claims against the prosecutors are based upon their decisions to charge him with criminal conduct and pursue criminal prosecution against him. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (holding that prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *see also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process."). Because the defendant prosecutors are immune from this suit, plaintiff's case will be dismissed for failure to state a claim on which relief may be granted and for seeking monetary relief against defendants who are immune from such relief. *See* 28 U.S.C. 1915(e)(2)(B).

To the extent plaintiff seeks to have his Missouri state conviction vacated, his action must first be pursued in the Missouri state court system, not in this federal § 1983 action. *See* 28 U.S.C. § 2254(b)(1)(A).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 19th day of April, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE